THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
CHARLES WHOLEY, Defendant.

(Court of General Sessions of the Peace in and for the County of
New York, May, 1919.)

Indictments — when motion to dismiss denied — forgery — Penal Law,
§ 880.

> Where defendant, after having sent a telegram to a woman
> requesting her to wire to her son $150, represented himself at
> the telegraph office as said son and thereafter received a check
> for the amount, payable to the son, which he endorsed and
> cashed, his motion to dismiss an indictment against him for
> forgery in the second degree based on section 880 of the Penal
> Law will be denied.

MOTION to dismiss indictment, made after the grant-
ing of a motion for an inspection of the minutes of
testimony before the grand jury.

David Vorhaus, in support of motion.

Owen W. Bohan, assistant district attorney, in
opposition.

NOTT, J.   Defendant was indicted for forgery in the
second degree.   The evidence shows that he sent a
telegram to a Mrs. Hunter in Florida, the mother of a
man named W. M. Hunter, requesting her to telegraph
the sum of $150 to him.   The defendant subsequently
represented himself as W. M. Hunter at the telegraph
office and thereafter received a check payable to that
name for the amount mentioned.   He indorsed the
check and subsequently cashed it.

No criminal cases have been cited in support of the
contention of defendant.   In my opinion the numerous

civil cases cited in support of this motion do not apply to the case at bar, which is a criminal charge of forgery prosecuted not by any party to the transaction but by the People of the State. The civil cases merely adopt a rule of law as to which of the innocent parties the loss shall fall upon. They turn upon the intent of the drawers or payors of the check and on the doctrine of estoppel. The doctrine of estoppel does not apply to the People in a criminal action. *People* v. *Walker,* 85 App. Div. 556. And the controlling intent in a criminal action is the intent of the defendant and not of those with whom he dealt.

The Penal Law provides (§ 880) that the expressions " forge," " forged " and " forging " include the false making and counterfeiting of a genuine instrument or the false making or counterfeiting of the signature of a party or witness. This definition covers the act of the defendant and the question as to who shall bear the ultimate loss occasioned by his act as determined in the civil cases cited does not change his act. For the above reasons the motion is denied.

Motion denied.